```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 11-2576 |
| | ) | |
| **AHMED GRANT d/b/a M.G.** | ) | |
| **Services, LLC,** | ) | |
| | ) | |
|    **Defendants.** | ) | |

**ORDER DENYING PLAINTIFF'S REQUEST TO ENTER DEFAULT**

     Before the Court is Plaintiff the United States of America's (the "Government") September 27, 2011 Request to Enter Default against Defendant Ahmed Grant ("Grant"). (See Request to Enter Default, ECF No. 191.)  The Government bases its motion on Rule 55 of the Federal Rules of Civil Procedure, which provides that, when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  The Government argues that Grant has failed to plead or otherwise defend against the Government's allegations.

On October 6, 2011, Grant requested additional time to answer the Government's Complaint.  (See ECF No. 199.)  The Court granted Grant's request on October 18, 2011, setting a November 3, 2011 deadline.  (See ECF No. 201.)  Granted answered on November 3.  (See ECF No. 214.)  Having answered the Government's Complaint, there is no basis for entering default.  The Government's Request is DENIED.

So ordered this 26th of June, 2012.

                                          s/ Samuel H. Mays, Jr._____
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE